People v Neal (2026 NY Slip Op 50174(U))

[*1]

People v Neal

2026 NY Slip Op 50174(U)

Decided on February 11, 2026

District Court Of Suffolk County, First District

Sachs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2026
District Court of Suffolk County, First District

The People of the State of New York

againstBrian J. Neal, Defendant.

Docket No. CR-007763-25SU

For Defendant:David A. Arpino, Esq.761 Coates Ave., Ste 2Holbrook, NY 11741For the People:A.D.A. Dorothy Kongfor Raymond A. Tierny, District Attorney of the County of Suffolk

Eric Sachs, J.

Upon the following papers numbered 1 to 3 read on this motion by the defendant for dismissal or other relief:
Notice of Motion /Order to Show Cause and supporting papers 1;Notice of Cross Motion and supporting papers;Answering Affidavits and supporting papers 2;Replying Affidavits and supporting papers 3; Filed papers; Other;ORDERED that this motion by the defendant is decided as follows: The defendant's motion to strike the People's Certificate of Compliance and Statement of Readiness dated June 13, 2025 is denied. The defendant's motion to strike the November 6, 2025 Supplemental Certificate of Compliance is denied. The defendant's motion to strike the November 7, 2025 Supplemental Certificate of Compliance is denied. The defendant's motion to strike the Supplemental Certificate of Compliance dated November 12, 2025 is denied. The defendant's motion to strike the Supplemental Certificate of Compliance dated July 24, 2025 is denied. The defendant's motion to strike the December 1, 2025 Supplemental Certificate of Compliance is granted. The defendant's motion to strike the December 2, 2025 Supplemental Certificate of Compliance is granted. The defendant's motion to strike the December 4, 2025 Supplemental Certificate of Compliance is denied as moot. The defendant's motion to strike the December 6, 2025 SCOC is denied. The defendant's motion to dismiss the accusatory instrument pursuant to 30.30(1)(b) and 170.30(1)(e) is denied. The defendant's motion for sanctions is granted.
On April 18, 2025, the defendant was arraigned on one count of Forcible Touching in violation of Penal Law § 130.52 (01), a class "A" misdemeanor. The defendant is alleged to have [*2]approached the complainant from behind and placed his hands on her breasts then slapped her on her buttocks. The People filed their initial Certificate of Compliance and Statement of Readiness (hereinafter "COC" and "SOR," respectively) on June 13, 2025. The People filed Supplemental Certificates of Compliance (hereinafter "SCOC") on November 6, 2025, November 7, 2025, November 12, 2025, July 24, 2025, December 1, 2025, December 2, 2025, December 4, 2025, and December 6, 2025.
By motion dated December 8, 2025, the defendant now moves to 1) invalidate the People's COC/SOR dated June 13, 2025, and all subsequently filed SCOCs pursuant to CPL 245.50 (1), (1-a), and (4); 2) strike all SORs as illusory pursuant to CPL 30.30 (5-a) and CPL 245.50 (3); 3) dismiss the accusatory instrument pursuant to CPL 30.30 (1) (b) and CPL 170.30 (1) (e); or in the alternative to 4) preclude the People from introducing at trial any witnesses or evidence disclosed pursuant to CPL 245.80 (1); 5) impose other sanctions as warranted, up to and including dismissal; 6) compel the People to provide any and all outstanding discovery if any remains; 7) grant such further relief as the Court deems just and proper; and 8) deem the People's COC improper pursuant to CPL 245.20 and 245.50 (1).
MOTION TO STRIKE PEOPLE'S COC, SOR AND ALL SCOCS
The defendant argues that the People failed to timely disclose discoverable materials that were in their possession, namely surveillance video from the hospital (disclosed with the July 24, 2025 SCOC), personnel disciplinary records from the hospital regarding the defendant (disclosed with the November 6, 2025 SCOC), handwritten investigative notes of Detective Rivera (disclosed with the November 7, 2025 SCOC), an investigative log prepared by Detective Rivera (disclosed with the November 12, 2025 SCOC), five additional witnesses that the People may call at trial (disclosed with the December 1, 2025 SCOC), an additional two witnesses the People may call at trial (disclosed with the December 2, 2025 SCOC), the NYSID reports for two of those seven witnesses (disclosed with the December 4, 2025 SCOC), and a letter of termination from the hospital (disclosed with the December 6, 2025 SCOC). The defendant argues that the People did not exercise due diligence in their efforts to comply with their discovery obligations rendering their June 13, 2025 COC and SOR invalid, and all subsequent SCOCs invalid. The defendant in the alternative moves for sanctions.
The People oppose, arguing that the defendant's motion should be denied as untimely and procedurally defective as it does not contain the requisite affirmation of conferral required by CPL 245.50 (4) (c). The People further argue in the alternative that they exercised due diligence and their June 13, 2025 COC/SOR and all subsequent SCOCs are valid. As it relates to the belatedly disclosed witnesses (disclosed with the December 1, 2025 SCOC and the December 2, 2025 SCOC), the People argue that all but one of these witnesses were known to the defendant as they were previously disclosed in other discovery materials, the failure to list and designate them as potential trial witnesses was an administrative omission, and the defendant has not suffered any prejudice as a result.
Pursuant to CPL 30.30 (1) (b), the People are required to make an announcement of readiness within 90 days of the commencement of the criminal action, taking into account all excludable time periods. In deciding whether the COC and SOR stopped the speedy trial clock, the Court must consider whether the People have sufficiently complied with their discovery obligations under CPL 245.50 (1), which is a condition precedent to a valid, effective [*3]announcement of readiness for trial. See CPL 245.50 (3). The prosecution bears "the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries before filing the initial COC despite a belated or missing disclosure." People v. Bay, 41 NY3d 200 (2023).
On May 9, 2025, the New York State Legislature approved numerous amendments to CPL Article 245 and CPL 30.30. These amendments went into effect on August 7, 2025, and apply to cases pending as of that date. See L. 2025, c.56, pt. LL, §8, eff. Aug. 7, 2025.
Among those amendments was an amendment to CPL 245.50 which clarified the standards for filing and challenging a COC. The statute now requires that once the People file a COC, a defendant must notify the People of any potential deficiencies in the COC by making "good faith efforts to confer with the [prosecution] regarding the specific and particularized matters" regarding any alleged missing discovery. CPL 245.50 (4) (c). Then, if "no accommodation can be reached," the defense may file a motion to invalidate the People's COC provided that: 1) they do so within thirty-five days of the service of the People's COC; and 2) they file an accompanying affirmation stating that the defense "conferred in good faith or timely made good faith efforts to confer with the [prosecution] regarding the specific and particularized matters forming the basis for such challenge, that efforts to obtain the missing discovery from the [prosecution] or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached." CPL 245.50 (4) (c).
In determining whether the prosecution has exercised due diligence, the Court is to "look at the totality of the party's efforts to comply with the provisions of this article, rather than assess the party's effort's item by item." CPL 245.50 (5). The factors to consider in making said determination includes, but is not limited to:
1) The efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements;2) The volume of discovery provided and outstanding;3) The complexity of the case;4) Whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed;5) The explanation for any alleged discovery lapse;6) The prosecutor's response when apprised of any allegedly missing discovery;7) Whether the prosecution self-reported the error and took prompt remedial action without court intervention;8) Whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial. CPL 245.50 (5) (a).The statute now states, "[t]he court's determination shall be based on consideration of all factors listed in paragraph (a) of this subdivision and no one factor shall be determinative." CPL 245.50 (5) (b). Should a court find the prosecution has exercised due diligence even in the face of a belated disclosure, the court may "fashion an appropriate and proportional remedy for any discovery violation resulting from the belated disclosure pursuant to subdivision two of section 245.80 of this article." CPL 245.50 (5) (c). However, should the court find that the prosecution did not exercise due diligence, the COC is invalid.
[*4]Northwell Hospital Surveillance (July 24, 2025 SCOC)The People obtained the Northwell Hospital surveillance video, disclosed it to the defendant and filed a SCOC on July 24, 2025. Also included in the July 24, 2025 disclosures was an "investigative file" obtained from Northwell Health that detailed the hospital's investigation into the allegations. The "investigative file" contained the names of individuals involved in the hospital's internal investigation. An analysis as it relates to the individuals named in the "investigative file" is discussed further infra. The defendant had 35 days from August 7, 2025 (the effective date of the CPL amendments) to challenge the validity of the People's July 24, 2025 SCOC. Defendant's challenge came with the filing of the instant motion on December 8, 2025, well beyond the statutory 35-day deadline, thus this branch of defendant's motion is barred as untimely. Assuming arguendo that the motion had been timely, the Court would nonetheless find that the People exercised due diligence. The hospital surveillance video and "investigative file" were not deemed to be in the possession of the People and therefore not discoverable. See CPL 245.20 (2). The People further identified the surveillance video and documents relating to the hospital's internal investigation and detailed their efforts to obtain them via subpoena in their June 13, 2025 COC/SOR. The People then swiftly disclosed them upon receipt.
Personnel, Disciplinary and Investigative Records for Defendant (November 6, 2025 SCOC)The People filed an additional SCOC reflecting the disclosure of personnel and disciplinary records from Northwell Hospital regarding the defendant on November 6, 2025. Since the defendant filed the instant motion within 35 days of the date of this SCOC, the motion is timely. The People argue that for the Court to even consider this challenge, an affirmation of conferral should have been filed by the defendant. Even if the Court were to find a CPL 245.50 (4) (c) affirmation a prerequisite to the defendant's challenge, the issue is moot. The records maintained by the hospital are not deemed in the possession of the People and therefore not subject to automatic discovery pursuant to CPL 245.20. Further, the People have satisfactorily demonstrated that they exercised due diligence in obtaining these records via subpoena, timely disclosed them to the defendant, and filed a valid SCOC on November 6, 2025.
Detective Rivera's Handwritten Notes and SCPD Investigative Log (November 7, 2025 and November 12, 2025 SCOCs)The People learned of the existence of handwritten notes of Detective Rivera in early November 2025. Without court intervention they promptly obtained these notes, disclosed them and filed a SCOC on November 7, 2025. Similarly, the People obtained and immediately disclosed a SCPD investigative log, filing another SCOC on November 12, 2025. Since the defendant filed the instant motion challenging the validity of the People's COC based on these belated disclosures on December 8, 2025, within 35 days of the filing of these SCOCs, the Court finds the motion to be timely with regards to these items of belated discovery. The Court further finds that defendant's motion was not required to include an affirmation of conferral as required by CPL 245.50 (4) (c), as the defendant could not have been aware that these items of discovery existed, triggering his statutory obligation to put the District Attorney's office on notice. However, due to the People's self-reporting, prompt remedial action, de minimis nature of these [*5]documents, and lack of prejudice to the defendant, the Court finds the People exercised due diligence as it relates to these disclosures and therefore the November 7, 2025 SCOC and November 12, 2025 SCOC are both valid.
Witnesses' Names and Adequate Contact Information; Witness Designations; and Witness Giglio Material (July 24, 2025 SCOC, December 1, 2025 SCOC, December 2, 2025 SCOC, and December 4, 2025 SCOC)
TimelinessOn December 1, 2025, the People filed a SCOC to reflect the names and contact information of five additional witnesses from the hospital they may call at trial. These witnesses include Samantha Beltre, Brianna Zimmerman, Nichole Prince, Donna Rivera, and Jerry Ricciardi. On December 2, 2025, the People filed another SCOC adding two more hospital witnesses, Georgette Prawl and Karen Kelly. Two days later, the Peopled disclosed Giglio material (NYSID reports) relating to Georgette Prawl and Karen Kelly, filing another SCOC on December 4, 2025.[FN1]
 
The defendant was aware of the existence of six out of these seven belatedly disclosed individuals as their identities, including the scope of their involvement in the incident were evident in the hospital's investigative file disclosed as part of the July 24, 2025 SCOC disclosures.[FN2]
 Although these "witnesses" are not listed in the July 24, 2025 SCOC accompanied by their contact information as required by CPL 245.20 (1) (c), their identities were disclosed to the defendant. The defendant had an obligation pursuant to CPL 245.50 (4) (b) to alert the People that the contact information for these individuals was missing, and to challenge the validity of the July 24 SCOC within 35 days of August 7, 2025 if this discovery dispute remained unresolved. See CPL 245.50 (4) (c). The Court therefore finds that any challenge as to the validity of the July 24, 2025 SCOC is deemed waived as the challenge is untimely.
The matter was scheduled for trial on December 8, 2025. The People filed a SCOC on December 1, 2025, and a SCOC on December 2, 2025. As described supra, these SCOCs designated the above-referenced individuals as witnesses the People may call at trial and provided the defendant with their contact information. It is part of the People's automatic disclosure obligation to designate what witnesses they may call at trial in their COC. See CPL 245.20 (1) (c). The onus is not on the defendant to presume the cooperativeness of the People's potential witnesses nor their trial strategy. It is illogical to expect the defendant to ask the People whether they intend to call at trial each name the defendant comes across while reviewing discovery. It is the People's burden to designate which witnesses they intend to call at trial, not the defendant's burden to ask. It is analogous to the People's requirement to furnish the [*6]defendant with CPL 710.30 (1) (a) notice. Just because statements are made by the defendant does not mean the People intend to introduce them, thus why notice is required. Here similarly, just because individuals are named in discovery documents does not mean that the People intend to call them as witnesses at trial. The People's obligation under CPL 245.20 (1) (c) is twofold. Not only does the prosecutor have to disclose the names and contact information of persons whom they know to have relevant information, they are also required to include "a designation . . . as to which of those persons may be called as witnesses." This Court does not believe that this is the type of scenarios contemplated by CPL 245.50 (4) (c) such as a missing 911 call, a missing supporting deposition, a missing lab report, or other obvious missing automatic discovery material that would trigger the defendant's burden to put the People on notice. The defendant cannot be deemed to have been aware of this deficiency when the People filed their July 24, 2025 SCOC. The discovery material as it relates to these individuals was not missing in July. The issue here is the designation of potential trial witnesses. The defendant only became aware that the People were designating these individuals as potential trial witnesses on December 1, 2025, and December 2, 2025. He filed his challenge to the respective SCOCs almost immediately. Therefore, the defendant's challenge to the December 1, 2025 SCOC and December 2, 2025 SCOC is timely and a CPL 245.50 (4) (c) affidavit of conferral is not required. Likewise, the defendant's challenge to the People's December 4, 2025 SCOC and December 6, 2025 SCOC are also timely.
December 1, 2025 SCOC and December 2, 2025 SCOCIn their December 1, 2025 SCOC and December 2, 2025 SCOC, the People state:
"[a]fter review of the file, the undersigned noticed that the above were not listed as potential witnesses on prior Certificates of Compliances. However, it is also the People's position that this information was already known to the Defense and made available to the Defense, because said information was contained in documents previously turned over."The People then state in their opposition papers that these SCOCs "clarified potential witnesses" and that "the People corrected an administrative omission in witness-listing." (People's Mem. of Law, p. 21). It is the People's burden to establish that they did in fact exercise due diligence and make reasonable inquiries to obtain discoverable material. Absent from both the SCOCs and People's opposition papers is any description as to the People's due diligence in their witness listing and potential trial witness designations. The People's focus in their opposition is that six out of these seven witnesses were identified in other previously disclosed discovery materials. This does not absolve them from their automatic disclosure obligation pursuant to CPL 245.20 (1) (c), specifically, designating what individuals they may call as witnesses at trial. These individuals were known to the People since receiving the subpoenaed materials from the hospital in July of 2025. Georgette Prawl was known to the People as a potential eyewitness since the accusatory instrument was filed back in April of 2025. Nearly five months passed (eight months as it relates to Georgette Prawl) until the People apparently "noticed" that their witness list in all five previously filed COC/SCOCs did not contain these witnesses. The People have failed to offer any reasonable explanation as to why these witnesses were not designated as potential trial witnesses until December 1, 2025 and December 2, 2025, [*7]just days before trial. The Court notes that this was the second scheduled trial date as the matter had previously been set down for trial on November 17, 2025. Since the People have failed to offer any information for this Court to assess other than that they failed to notice, or that it was an administrative omission, this Court cannot deem the People diligent as it relates to this belated disclosure. Turning to the CPL 245.50 (5) (a) due diligence factors, any reasonable amount of effort to review the prosecution's own case would have revealed the absence of this mandatory disclosure, the People knew these witnesses existed for a significant amount of time, the explanation for this lapse is insufficient, and the defendant has in fact been prejudiced (as discussed infra). Therefore, the Court finds the December 1, 2025 SCOC and December 2, 2025 SCOC invalid.[FN3]

December 4, 2025 SCOCThe People filed another SCOC on December 4, 2025 after the disclosure of the NYSID reports of Karen Kelly and Georgette Prawl. Since the December 2, 2025 SCOC listing these witnesses is invalid, the defendant's motion to strike this SCOC is moot. 
December 6, 2025 SCOCThe People filed a SCOC on December 6, 2025, reflecting the disclosure of the defendant's termination letter from Northwell Hospital. This material is not deemed to be in the possession of the People and therefore not discoverable. See CPL 245.20 (2). Additionally, the People satisfactorily demonstrated due diligence in turning over this material upon receipt. Therefore, the defendant's motion to strike the December 6, 2025 SCOC is denied.

 MOTION TO IMPOSE SANCTIONS FOR BELATED DISCOVERY
With respect to the disclosure of the seven additional trial witnesses disclosed in the People's December 1, 2025 SCOC and December 2, 2025 SCOC (Samantha Beltre, Brianna Zimmerman, Nichole Prince, Donna Rivera, Jerry Ricciardi, Georgette Prawl and Karen Kelly) and the subsequent disclosures of their NYSIDs, sanctions are appropriate. The defendant prepared for trial on two separate dates prior to the filing of these SCOCs not knowing that these witnesses may be called at trial. Naming these witnesses as potential trial witnesses on the eve of the second scheduled trial date is tantamount to trial by ambush, the very regime sought to be remedied by the 2020 revisions to the Criminal Procedure Law. This Court does not find an adjournment to prepare and respond to the new material as contemplated in CPL 245.80 (1) (a) sufficient to cure the prejudice caused to the defendant by having to alter his trial strategy and the theory of his defense, not to mention the undue delay this revelation has caused. Therefore, the seven belatedly disclosed witnesses, Samantha Beltre, Brianna Zimmerman, Nichole Prince, Donna Rivera, and Jerry Ricciardi, Georgette Prawl, and Karen Kelly are all prohibited from being called as witnesses by the People on their direct case at trial.

 MOTION TO DISMISS PURSUANT TO CPL 30.30
The defendant was arraigned on April 18, 2025. As the June 13, 2025 COC is valid, the accompanying SOR served to stop the running of the speedy trial clock. 
30.30 calculationTherefore, 56 days are chargeable to the People and the motion to dismiss the accusatory instrument pursuant to 30.30 (1) (b) and 170.30 (1) (e) is denied.

 FURTHER MOTIONS
Any additional motions brought before this Court must comply with CPL 255.20(2).
February 11, 2026Hon. Eric Sachs, JDC

Footnotes

Footnote 1: Notably, Georgette Prawl and William Baily were named in the supporting deposition attached to the misdemeanor information filed at arraignment. William Baily was listed as a witness with his contact information in the June 13, 2025 COC and SOR. Georgette Prawl was not.

Footnote 2: Jerry Riccardi is the only individual who was not identified in any previous discovery materials. 

Footnote 3: As the December 1, 2025 SCOC and December 2, SCOC only contain the designation of trial witnesses, and all other discovery materials had been turned over, the Court finds that invalidating the December 1, 2025 SCOC and the December 2, 2025 SCOC does not render the initial COC/SOR, and the subsequently filed SCOCs as outlined above, invalid.